USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 5, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN HILL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA-BIOTICS, INC., JINAN SONG, LI CHI YUEN a/k/a RAYMOND LI, LEWIS FAN, YAN YIHONG a/k/a EVA YAN, TRAVIS CAI, CHIN JI WEI, DU WEN MIN, SIMON YICK, ROTH CAPITAL PARTNERS LLC, and MAXIM GROUP LLC,<br><br>Defendants. | Civil Action No. 1:10-cv-07838-PAC<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT FUND AND REQUEST FOR ATTORNEYS' FEES |

WHEREAS, in the above-captioned litigation (the "Litigation"), the Claims Administrator has completed the administration of the Settlement Fund, including the processing of all submitted Claim Forms, and is now prepared, with the approval of the Court, to distribute the net proceeds of the Settlement;

WHEREAS, on September 10, 2015, the Court entered an Order and Final Judgment of Dismissal with Prejudice ("Final Judgment") (ECF No. 91), which, *inter alia*, approved the Plan of Allocation of Settlement proceeds, and retained jurisdiction over the Litigation for all matters relating to the consummation of the Settlement, including implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; disposition of the Settlement Fund; determining applications for attorneys' fees and expenses; and all parties hereto for the purpose of construing, enforcing, and administering the Stipulation;

WHEREAS, as referred to in the Order Preliminarily Approving Settlement, Certifying Settlement Class and Providing for Notice of Settlement (ECF No. 78), the deadline for Settlement Class Members to submit claims to participate in a distribution from the Net Settlement Fund was August 27, 2015;

WHEREAS, pursuant to Paragraph 2.2 of the Stipulation of Settlement, dated March 31, 2015 ("Stipulation"), on February 1, 2016, China-Biotics paid $246,853, the balance on the Insurance Policy after payment of all defense fees and costs;

WHEREAS, as reflected in the Declaration of Brian Manigault in Support of Plaintiffs' Motion for Approval of Distribution of Net Settlement Fund and Request for Attorneys' Fees ("Manigault Dec. or "Manigault Declaration"), the Claims Administrator has completed the process of reviewing all submitted claims, and has made a recommendation as to the eligibility of each submitted claim;

WHEREAS, John Hill and Nureddin Nejim, and additional named Plaintiff Frank M. Tworek (collectively, "Plaintiffs"), and the Claims Administrator now seek authorization to distribute the Net Settlement Fund to Authorized Claimants; and

WHEREAS, after reviewing Plaintiffs' Notice of Motion and Motion for Approval of Distribution of Net Settlement Fund and Request for Attorneys' Fees, the Memorandum of Law in support thereof, the Manigault Declaration, and all other exhibits and papers submitted in support thereof, the Court has determined that good cause exists for the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and in the Manigault Declaration, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation or in the Manigault Declaration.

2. This Court has continuing jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. The claims set forth in Exhibit C, Part One ("Timely Valid Claims") and Exhibit C, Part Two ("Late but Otherwise Valid Claims") to the Manigault Declaration are APPROVED, and the distribution of the Net Settlement Fund to the Authorized Claimants is AUTHORIZED.

4. Wholly ineligible, or otherwise deficient claims ("Rejected Claims"), as set forth in Exhibit C, Part Three to the Manigault Declaration, are REJECTED.

5. Claims with a Recognized Claim amount of zero ("No Loss"), as calculated under the Court-approved plan of allocation, and as set forth in Exhibit C, Part Four are REJECTED, and the Claims Administrator will send a No Loss letter advising claimants.

6. Angeion Group ("Angeion") is to conduct an initial distribution, after deducting $86,475.69 in remaining fees to itself, and $70,525 in attorneys' fees, and after payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees as follows:

   a. Angeion shall calculate award amounts to all Authorized Claimants by calculating their *pro rata* share of the fund in accordance with the Plan of Allocation;

   b. Pursuant to the terms of the Plan of Allocation, Angeion shall eliminate any Authorized Claimant whose award amount calculates to less than $10.00. Such Claimants shall not receive any distribution from the Net Settlement Fund, and Angeion shall send letters to those Authorized Claimants advising them of that fact;

   c. After eliminating Claimants who would have received less than $10.00, Angeion will calculate the *pro rata* distribution payments for Authorized Claimants who would have received $10.00 or more pursuant to the calculations ("Distribution Amounts");

   d. Angeion shall then prepare checks for the distribution and registers of such

distributions, and send the payments by prepaid first class mail, after the list of Authorized Claimants is compared to Angeion's internal list of claimants who have been identified as potentially fraudulent filers. Finally, Angeion will issue replacement payments for distributions upon request by payee, and will respond to inquiries about distribution amounts and Recognized Loss Amount calculations;

  e. All Initial Distribution checks shall bear the following notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF DISTRIBUTION";

  f. Authorized Claimants who do not negotiate their Initial Distribution checks in accordance with the Plan of Allocation shall irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available to be re-distributed to other Authorized Claimants in the Second Distribution described below. Similarly, Authorized Claimants who do not negotiate subsequent distributions within the time allotted, or on the conditions set forth in the Plan of Allocation, will irrevocably forfeit any further recovery from the Net Settlement Fund; and

  g. After Angeion has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, which efforts shall consist of the follow-up efforts described in the Manigault Declaration, but no earlier than six (6) months after the Initial Distribution, if any balance is remaining and if cost effective, Angeion will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting Angeion's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs

of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who (1) cashed their distribution payment, and (2) are entitled to at least $10.00 from the re-distribution based on their *pro rata* share of the remaining funds.

7. In order to allow a final distribution of any balance that may remain in the Settlement Fund after the distribution, whether by reason of returned funds, tax refunds, interest, uncashed drafts, or otherwise, the following plan is ordered:

a. If cost effective, not less than six (6) months after the Second Distribution is conducted, Angeion will conduct a further distribution of the Net Settlement Fund, pursuant to which all funds remaining in the Net Settlement Fund, after deducting Angeion's unpaid fees and expenses incurred, or to be incurred, in connection with administering the Net Settlement Fund (including the estimated costs of such distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to Authorized Claimants who cashed their Second Distribution checks, and who would receive at least $10.00 in such further distribution. Additional re-distributions, after deduction of costs and expenses as described above, and subject to the same conditions, may occur thereafter in six-month intervals until Lead Counsel, in consultation with Angeion, determine that a further re-distribution is not cost-effective; and

b. At such time as Lead Counsel, in consultation with Angeion, determine that a further re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund, and

after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to a non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel.

8. In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims received after April 30, 2017 from eligibility in the distribution of the Net Settlement Fund beyond the amounts allocated to Authorized Claimants.

9. The administration of the Settlement, and the proposed distribution of the Net Settlement Fund, comply with the terms of the Stipulation and the Plan of Allocation and, therefore, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they have claimed against, they received, or they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, or Plaintiffs' Counsel, the Claims Administrator, the escrow agent, or any other agent retained by Plaintiffs or Lead Counsel, and are bound by all of the terms of the Stipulation, including the terms of the Final Judgment, and will be barred from bringing any action against the Released Parties concerning the Released Claims, or in connection with the administration of the Settlement, or to claim against the Net Settlement Fund for any amount greater than that allocated to such Class Member as a result of its submission of a valid proof of claim.

10. Angeion shall be paid the outstanding balance of its fees and expenses in connection with the services performed, and to be performed, in administering the Proof of Claim Forms and distributing the Net Settlement Fund in the total amount of $86,475.69.

11. Lead Counsel shall be paid an award of attorneys' fees and expenses in the total amount of $70,525, or 28.57% of the additional $246,853 added to the Settlement Fund. The foregoing amount shall be paid from the Settlement Fund in accordance with the terms of the Stipulation.

12. Angeion is authorized to destroy the paper copies of the Proof of Claim forms one (1) year after the distribution of the Net Settlement Fund, and to destroy electronic copies of claim records three (3) years after the distribution of the Net Settlement Fund.

13. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: June 5, 2017

THE HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE